FILED

OCT 11 2012

DAVID CREWS, CLERK
By/s/ Houston
  Deputy

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:12cv215-A-S |
| ) | |
| BILLY MIKE GENTRY, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff United States of America, on behalf of the Secretary of Agriculture ("Secretary"), brings this civil action for the recovery of penalties and injunctive relief against Defendant Billy Mike Gentry for violations of the Packers and Stockyards Act of 1921, as amended, 7 U.S.C. §§ 181 et seq. (hereinafter the "Act" or the "P&SA"), and a final order of the Secretary that became effective on March 18, 2009. Plaintiff alleges as follows:

### PARTIES

1.  Plaintiff is the United States of America, bringing this action on behalf of the Secretary of Agriculture in his official capacity.

2.  Defendant Billy Mike Gentry is an individual who resides in the city of Houston, Mississippi. Defendant is engaged in the business of a dealer, buying and selling livestock for his own account, and as a market agency by buying livestock on commission.

### JURISDICTION AND VENUE

3.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because

1

this action arises under the laws of the United States, and pursuant to 28 U.S.C. § 1345, because this action has been commenced by the United States. In addition, Section 404 of the P&SA empowers the Attorney General of the United States to initiate appropriate proceedings under the Act to be commenced and prosecuted in the proper courts of the United States. See 7 U.S.C. § 224.

4. Venue is proper in the Northern District of Mississippi under 28 U.S.C. § 1391(b), as Defendant resides in this District and a substantial part of the events giving rise to the claim occurred in this District.

## STATEMENT OF THE CLAIM

### THE PACKERS AND STOCKYARDS ACT

5. The P&SA regulates the conduct of packers, swine contractors, live poultry dealers, stockyard owners, market agencies, and dealers, imposing certain affirmative requirements on these entities and proscribing certain conduct by them. See 7 U.S.C. §§ 181 et seq. The Grain Inspection, Packers and Stockyards Administration ("GIPSA") of the United States Department of Agriculture ("USDA") is responsible for administering and enforcing the Act and investigating unfair practices by these entities.

6. Section 201 of the Act defines a "dealer" as "any person . . . engaged in the business of buying or selling in commerce livestock, either on his own account or as the employee or agent of the vendor or purchaser." Id. § 201(d).

7. Section 201 of the Act defines "market agency" as "any person engaged in the business of (1) buying or selling in commerce livestock on a commission basis or (2) furnishing

stockyard services." *Id.* § 201(c).

8. All livestock dealers or market agency must register with USDA. *Id.* § 203; *see also* 9 C.F.R. § 201.10.

9. Dealers are also required to post a "reasonable bond[] . . . to secure the performance of their obligations." 7 U.S.C. § 204; *see also* 7 C.F.R. § 201.29. The Secretary has promulgated regulations detailing the bond requirements, including the required amount of bond coverage, which corresponds to the dealer's volume of operations. *See id.* §§ 201.29-201.34.

10. Under the Act, the Secretary of USDA has administrative enforcement authority for certain provisions of the Act. *See id.* §§ 211-213. Section 204 authorizes the Secretary to "issue an order suspending [a dealer registered with GIPSA] for a reasonable specified period" if, after due notice and hearing, "the Secretary finds any registrant is insolvent or has violated any provisions of the Packers and Stockyards Act[.]" *Id.* § 204.

11. If a dealer fails to obey an order of the Secretary, the Act provides for an action for civil monetary penalties:

> (a) Any stockyard owner, market agency, or dealer who knowingly fails to obey any order made under the provisions of sections 310, 311, or 312 of this Act shall forfeit to the United States the sum of $750 for each offense.[1] Each distinct violation shall be a separate offense, and in case of a continuing violation each day shall be deemed a separate offense. Such forfeiture shall be recoverable in a civil suit in the name of the United States.
>
> (b) It shall be the duty of the various United States attorneys, under the direction of the Attorney General, to prosecute for the recovery of forfeitures. The costs

---

[1] The amount of $750 applies only to violations occurring after May 7, 2010. For violations occurring prior to that date, the applicable amount is $650. *See* 7 C.F.R. §§ 3.91(a)(2) & (b)(6)(v).

and expense of such prosecution shall be paid out of the appropriation for the expenses of the courts of the United States.

*Id.* § 215.

12. In addition to monetary penalties, the Act provides for proceedings to enforce the Secretary's order by injunction. Section 216 provides that:

If any stockyard owner, market agency, or dealer fails to obey any order of the Secretary other than for the payment of money while the same is in effect, the Secretary, or any party injured thereby, or the United States by its Attorney General, may apply to the district court for the district in which such person has his principal place of business for the enforcement of such order. If after hearing the court determines that the order was lawfully made and duly served and that such person is in disobedience of the same, the court shall enforce obedience to such order by a writ of injunction or other proper process, mandatory or otherwise, to restrain such person, his officers, agents, or representatives from further disobedience of such order or to enjoin upon him or them obedience to the same.

*Id.* § 216.

13. The Act also provides that "[t]he Secretary may report any violation of this Act to the Attorney General of the United States, who shall cause appropriate proceedings to be commenced and prosecuted in the proper courts of the United States without delay." 7 U.S.C. § 224.

## DEFENDANT BILLY MIKE GENTRY

14. Defendant has engaged in the business of a dealer, buying and selling livestock on his own account, and as a market agency by buying livestock on commission. Consequently, Defendant is a "dealer" and "market agency" under the Act and is subject to, inter alia, the registration and bonding requirements of the Act and its implementing regulations. *Id.* § 201; *see also id.* §§ 203-204.

4

15. On June 4, 2007, Defendant filed his annual report for calendar year of 2006, but failed to accurately report the total cost of livestock that he purchased as a dealer and a market agency buying on a commission.

16. On June 25, 2007, USDA filed an administrative complaint, alleging that Defendant willfully violated the Act by filing an annual report that did not accurately reflect the total cost of livestock that he purchased during the calendar year 2006.

17. By a final order of the Secretary of Agriculture, issued on October 7, 2008, *In re: Billy Mike Gentry*, P&S Docket No. D-07-0152, the Defendant was ordered, *inter alia*, to cease and desist from "[p]urchasing livestock without filing and maintaining a bond or its equivalent in the full amount determined to be adequate by the Packers and Stockyards Programs, GIPSA, in accordance with the Act and regulations."

18. The Defendant was also suspended as a registrant under the Act for a period of 30 days and thereafter until he obtained and filed a bond or an approved bond equivalent in the full amount required by the regulations issued under the Act.

19. The Secretary's Order became final and effective on March 18, 2009.

20. As of the filing of this Complaint, Defendant has not complied with the Secretary's Order. Defendant continues to operate as a livestock dealer and market agency without filing and maintaining the required bond or its equivalent in the amount set by USDA as required by the Act or implementing regulations. 9 C.F.R. § 201.3

21. Based on USDA's preliminary investigations, during the period of March and April of 2009, in violation of the Secretary's Order, Defendant purchased livestock in at least 30 separate

5

transactions, totaling several hundred thousand dollars. Furthermore, during the period of January and March of 2011, Defendant purchased livestock in at least 69 separate transactions, totaling over one million dollars.

22. Defendant continues to operate in violation of the Secretary's Order, the Act and agency regulations. Defendant's actions may reasonably be expected to cause harm to livestock producers. Specifically, Defendant has operated and continues to operate without the required bond, as set forth in 7 U.S.C. § 204 and sections 201.29 and 201.30 of the Regulations (9 C.F.R. §§ 201.29-30). Bonds provide protection to livestock sellers and consignors. Livestock sellers can file claims against the bonds if they are not paid. Because Defendant is operating without the required bond there is a risk that Defendant's current and future sellers will not be fully paid or will go unpaid.

23. Enjoining Defendant from operating under the Act is in the public interest, as Defendant has and continues to deliberatively operate in violation of the Secretary's Order, the Act and its implementing regulations.

### COUNT I (Violation of 7 U.S.C. § 215)

24. The United States incorporates Paragraphs 1 through 23 of this Complaint, as if fully set forth herein.

25. Defendant is violating the Act and its implementing regulations by failing to obey the Secretary's Order, as required by 7 U.S.C. §§ 215, 216.

### COUNT II (Violation of 7 U.S.C. § 204)

26. The United States incorporates Paragraphs 1 through 26 of this Complaint, as if

fully set forth herein.

27. Defendant is violating the Act by failing to post the required bond in the amount set by USDA, as required by 7 U.S.C. § 204 and sections 201.29 and 201.30 of the Regulations (9 C.F.R. §§ 201.29, 201.30).

**WHEREFORE**, the Plaintiff, the United States of America, prays:

1. That the Court issue an order declaring that Defendant, in acting as a dealer and a market agency, is subject to the Act and has violated the Secretary's Order, the Act and the regulations promulgated thereunder;

2. That the Court issue judgment in favor of the United States and against the Defendant on all Counts of the Complaint;

3. That the Court order Defendant to pay civil penalties in accordance with 7 U.S.C. § 215 and 7 C.F.R. § 3.91(b)(6)(v), plus any interest from the date of judgment at the statutory rate pursuant to 28 U.S.C. § 1961 until paid in full;

4. That the court issue a permanent injunction to enforce the final order of the Secretary of Agriculture issued against the Defendant on October 7, 2008, requiring him to cease and desist from purchasing livestock without filing and maintaining a bond or its equivalent in accordance with the Act and regulations;

5. That Defendant pay the costs of this proceeding; and

6. That the United States be awarded any further relief the Court deems just and proper.

Dated: October 5, 2012

Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

ARTHUR R. GOLDBERG
Assistant Director
Federal Programs Branch

Of Counsel:

CHARLES SPICKNALL, ESQ.
United States Department of Agriculture
Office of the General Counsel
1400 Independence Avenue, S.W.
Washington, D.C.  20250-1413

JEAN-MICHEL VOLTAIRE (NY Bar)
United States Department of Justice
Civil Division, Federal Programs Branch
Tel: (202) 616-8211
Fax: (202) 616-8460
Jean.michel.voltaire@usdoj.gov
20 Massachusetts Avenue, NW
Room 616
Washington, DC 20530

FELICIA ADAMS
United States Attorney
Northern District of Mississippi

FELEICA L. WILSON, MSB # 9900
Assistant United States Attorney
900 Jefferson Avenue
Oxford, MS 38655-3608
Tel: (662)234-3351
Fax: (662)234-4818

*Counsel for Plaintiff*