IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF

V.                                                              CIVIL ACTION NO.: 1:12-CV-215-SA-DAS

BILLY MIKE GENTRY                                                                       DEFENDANT

MEMORANDUM OPINION ON MOTION FOR DEFAULT JUDGMENT

Presently pending before the Court is the Government's Motion for Default Judgment [8]. In this action brought under the Packers and Stockyards Act, the Government requests a monetary award in the amount of $945,250.00 and an injunction precluding Defendant from operating as a dealer or market agency until Defendant increases his bond coverage and re-registers with the United States Department of Agriculture [USDA] as required by a previously entered administrative order. Based on the applicable authority, the record before the Court, and the representations of the Government's counsel made at the December 17, 2013 hearing held on this matter, that motion for default judgment is hereby GRANTED.

*Factual and Procedural Background*

According to the current record, Defendant Billy Mike Gentry is a livestock dealer and market agency located in Houston, Mississippi.[1] For a number of years, he has been engaged in the practice of purchasing livestock on behalf of himself and others. Under the Act, Defendant is required to register with the USDA and post a reasonable bond to secure his performance.

---

[1] The Act defines a "dealer" as "any person . . . engaged in the business of buying or selling in commerce livestock, either on his own account or as the employee or agent of the vendor or purchaser" and a "market agency" as "any person engaged in the business of (1) buying or selling in commerce livestock on a commission basis or (2) furnishing stockyard services." 7 U.S.C. §§ 181, et seq.

Defendant is further required to promptly pay for purchased livestock, and late payment or an outright failure to pay is deemed an unfair practice.

In 1990, Gentry purchased livestock and then failed to pay the full purchase price when due. Pursuant to an administrative action initiated by the Packers and Stockyards Administration, Gentry was assessed a civil monetary penalty of $4,000.00 and was ordered to cease and desist from engaging in any business governed by the Act without maintaining a reasonable bond or equivalent. Then, in 2001, USDA initiated a second administrative complaint against Gentry. The ALJ subsequently found, by reason of default, that Gentry had been informed that his $10,000 bond was inadequate, that a $75,000 bond was required, and that he disregarded such notice and continued to operate as a market agency and dealer without increasing his coverage. The ALJ then imposed a $5,000.00 civil monetary penalty and ordered Gentry to cease and desist all dealer and market agency activities until he maintained and filed an adequate bond. Gentry, however, continued to operate with what the USDA considered to be insufficient bond coverage and additionally underreported the cost of livestock he purchased as a dealer and as a market agency buying on a commission.

Therefore, in 2007, USDA filed a third administrative complaint, averring that Gentry violated the Act by failing to file an accurate annual report. USDA attempted to serve the complaint on Gentry by certified mail, but the complaint was returned unclaimed. He was then served by regular mail at his last known business address. Gentry failed to respond or appear, and the ALJ subsequently found against him on the basis of default. That order, which was personally served on Gentry, again suspended Gentry from purchasing livestock without filing and maintaining adequate bond coverage. Gentry sought to appeal the decision, but the attempt

2

was subsequently dismissed for procedural deficiencies. The 2008 administrative order therefore became final and effective March 18, 2009.

Based on Defendant's failure to comply with that order, the Government filed the present action seeking the imposition of monetary penalties and injunctive relief. According to the Complaint, during March and April of 2009, Defendant purchased livestock on at least 30 separate transactions. Further, during the period of January and March of 2011, Defendant purchased livestock on at least 69 separate transactions. Although Defendant was personally served with a copy of the complaint on October 26, 2012, he failed to answer. On November 28, 2012, the Clerk of Court entered default and forwarded a copy of that entry of default to Defendant's last known address by way of United States Postal Service [USPS]. On July 1, 2013, the Government moved for default judgment. Gentry again failed to respond, and this Court set the motion for a hearing. That motion hearing was subsequently held on December 17, 2013. Although notice of the hearing was again sent to Gentry's last known address, he failed to appear.

*Standard of Law*

Under Fifth Circuit precedent, "default judgments are a drastic remedy not favored by the Federal Rules and resorted to by the courts only in extreme situations." Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n, 874 F.2d 274, 276 (5th Cir.1989). As such, a party is not entitled to a default judgment as a matter of right even where the defendant is technically in default and the actual entry remains committed to the discretion of the district court. Ganther v. Ingle, 75 F.3d 207, 212 (5th Cir. 1996); Mason v. Lister, 562 F.2d 343, 345 (5th Cir. 1977). In determining whether default judgment should be entered, the court should consider: (1) whether material issues of fact are at issue, (2) whether there has been substantial prejudice, (3) whether

the grounds for default are clearly established, (4) whether the default was caused by a good faith mistake or excusable neglect, (5) the harshness of a default judgment, and (6) whether the court would think itself obliged to aside the default on the defendant's motion. Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998).

In the case at bar, the Government filed its complaint on October 11, 2012. Defendant was personally served on October 26, 2012, and the summons was returned executed on November 5, 2012. Defendant failed to answer, and the Clerk of Court thereafter entered default. That entry of default was forwarded to Defendant by way of USPS. Finally, on July 1, 2013, the Government filed its motion for default judgment. Despite the fact that the present case has been pending in excess of a year, Defendant has still failed to file an answer or any related pleadings. Additionally, although the Court held a hearing on the presently pending motion, Defendant failed to appear before the Court. In spite of the fact that the entry of judgment by default is disfavored, Defendant has had more than sufficient time to answer and has failed to do so, the grounds for default are well established, the Court will almost certainly not be required to set aside the default should Defendant later move, there seem to be few genuine issues of fact before the Court, and Defendant has ardently refused to appear before the Court. Accordingly, the Court finds that the Government's request for default judgment should be granted.

*Civil Monetary Penalties*

In its motion, the Government seeks the imposition of $945,250.00 in civil monetary penalties. Under 7 U.S.C. § 215(a):

> Any stockyard owner, market agency, or dealer who knowingly fails to obey any order made under the provisions of sections 211, 212, or 213 of this title shall forfeit to the United States the sum of $500 for each offense. Each distinct violation shall be a separate

> offense, and in case of a continuing violation each day shall be deemed a separate offense. Such forfeiture shall be recoverable in a civil suit in the name of the United States.

According to 7 C.F.R. § 3.91, the Secretary is directed to adjust civil monetary penalties at least once every four years. The Government represents that at the time Defendant began operating in violation of the Secretary's order in 2009, the statute provided for a penalty of $650 per day for continuing violations, but that the penalty was increased to $750 per day for violations occurring after May 7, 2010.

Based on the evidence presented, Defendant engaged in business as a market agency without adequate bonding and in violation of the Secretary's suspension order from March 23, 2009 until October 29, 2012. Thus, the Government calculates the penalty in two steps. First, from March 23, 2009 to May 7, 2010 as: 410 days x $650 per day = $266,500.00. And then, from May 8, 2010 to October 29, 2012 as: 905 days x $750 per day = $678,750.00. In total, then, the Government seeks $945,250.00. The Court, having reviewed the evidentiary record and considered the arguments presented at the default judgment hearing, finds the award of statutorily mandated civil monetary penalties to be merited. Accordingly, Plaintiff's request for $945,250.00 in civil monetary penalties is hereby awarded.

*Injunctive Relief*

Further, however, the Government additionally seeks an injunction enjoining Defendant from operating as a dealer or market agency under the Packers and Stockyards Act until he increases his bond coverage and re-register's with USDA as required by the Secretary's 2008 order. Although imposing permanent injunctive relief typically requires the Court to weigh considerations such as irreparable injury and the inadequacy of a legal remedy, Weinberger v. Romero-Barcelo, 456 U.S. 305, 312, 102 S. Ct. 1798, 72 L. Ed. 2d 91 (1982), that analysis does

5

not apply, where "a statute clearly mandates injunctive relief for a particular set of circumstances." Bedrossian v. Nw. Mem. Hosp., 409 F.3d 840, 843 (7th Cir. 2005).

For present purposes, 7 U.S.C. § 216 provides:

> If any stockyard owner, market agency, or dealer fails to obey any order of the Secretary other than for the payment of money while the same is in effect, the Secretary, or any party injured thereby, or the United States by its Attorney General, may apply to the district court for the district in which such person has his principal place of business for the enforcement of such order. If after hearing the court determines that the order was lawfully made and duly served and that such person is in disobedience of the same, the court shall enforce obedience to such order by a writ of injunction or other proper process, mandatory or otherwise, to restrain such person, his officers, agents, or representatives from further disobedience of such order or to enjoin upon him or them obedience to the same.

Thus, if the Court determines that the order was lawfully made and duly served and that the defendant is in disobedience of that order, the statute requires the Court to secure obedience by issuing injunctive relief. Further, such injunctive relief may be granted even in the context of a default judgment. Twist and Shout Music v. Longneck Xpress, 441 F. Supp. 2d 782, 785 (E.D. Tex. 2006) (citing DirecTV, Inc. v. Brown, 371 F.3d 814, 816-19 (11th Cir. 2004)); see also United States v. Agnew, 878 F.2d 219, 220 (8th Cir. 1989).

Based on the present record, the Court determines that injunctive relief should be entered in favor of the Government. After hearing, the Court finds that the Secretary's order was lawfully made, that Defendant was served with that order, and that he nonetheless remains in disobedience of that order. Accordingly, Gentry is hereby enjoined from operating as a dealer or market agency under the Packers and Stockyards Act, 7 U.S.C. §§ 181 et seq., and the regulations promulgated under the Act, 9 C.F.R. §§ 201.1 et seq., until Defendant increases his

bond coverage and re-registers with the USDA as previously required by the Secretary's 2008 order.

*Conclusion*

Based on the foregoing reasons, the Government's Motion for Default Judgment [8] is GRANTED, judgment in favor of Plaintiff in the amount of $945,250.00 is entered, and Defendant is enjoined from operating as a dealer or market agency under the Packers and Stockyards Act, 7 U.S.C. §§ 181 et seq., and the regulations promulgated under the Act, 9 C.F.R. §§ 201.1 et seq., until Defendant increases his bond coverage to the full amount required by the regulations and re-registers with USDA as previously required by the Secretary's 2008 order.

SO ORDERED, this the 30th day of December, 2013.

/s/ Sharion Aycock  
United States District Judge