**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

UNITED STATES OF AMERICA                                                                    PLAINTIFF

V.                                                              CIVIL ACTION NO. 1:12-cv-00215-SA-DAS

BILLY MIKE GENTRY                                                                            DEFENDANT

## ORDER

Before the Court is Defendant's Motion to Set Aside the Clerk's Second Entry of Default [34] against him. The Government initiated the present action on October 11, 2012, seeking to hold Defendant liable for violating the Packers and Stockyards Act. Defendant failed to timely plead or otherwise defend, and after the Clerk's First Entry of Default [7], the Court entered an Order Granting Default Judgment [15] in December 2013. In February 2014, Defendant filed a Motion to Set Aside the Default Judgment [17], which this Court granted upon a showing of excusable neglect in September 2014.

Approximately two months thereafter, Defendant had yet to file an answer or any other pleading responsive to the complaint, and thus, on November 3, 2014, the Government filed a Second Motion for Entry of Default [30]. The same day, Defendant filed his Answer [31]. In view of the delay and the Government's motion, the Clerk entered default for the second time, which Defendant has urged should be set aside.

Whenever "a party . . . has failed to plead or otherwise defend, . . . the clerk must enter the party's default." FED. R. CIV. P. 55(a). The Court may, however, "set aside an entry of default for good cause . . . ." FED. R. CIV. P. 55(c). The decision to set aside a default "is committed to the sound discretion of the trial court," and "trial on the merits" is preferred. In re Dierschke, 975 F.2d 181, 183 (5th Cir. 1993). The Fifth Circuit has cautioned: "[d]efaults are not favored and

their strict enforcement 'has no place in the Federal rules.'" Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc., 346 F.3d 552, 563 (5th Cir. 2003) (quoting Amberg v. FDIC, 934 F.2d 681, 686 (5th Cir. 1991)). As such, the requirement of "good cause" is generally interpreted liberally. Effjohn, 346 F.3d at 563.

In an attempt to demonstrate good cause, Defendant contends that, following the Court's Order Setting Aside the Default Judgment [29], no deadline by which he was required to file his responsive pleading was set by the Federal Rules of Civil Procedure or order. The Government argues that the deadline for an answer or other responsive pleading was twenty-one days from the Court's order, clearly imposed by Federal Rule of Civil Procedure 12.

Under Rule 12, a defendant is generally required to serve his answer or other responsive pleading "within 21 days after being served *with the summons and complaint*[.]" FED. R. CIV. P. 12(a)(A) (emphasis added). Although Defendant undisputedly failed to comply with this requirement as it relates to the initial service of process, the Court excused this failure by setting aside the default judgment in its previous order under Rule 60(b). See FED. R. CIV. P. 60(b) (affording the Court discretion to set aside a final judgment upon "mistake, inadvertence, surprise, or excusable neglect"). Pertinent to the present motion and contrary to the Government's assertion, neither Rule 12, nor any other Federal Rule of Civil Procedure contains a textual time requirement for a defendant's responsive pleading following a Rule 60(b) order. Thus, the Court is persuaded that, even if the delay at issue here could be viewed as a default within the meaning of Rule 55(a), Defendant has successfully shown good cause such that the Clerk's entry of default should be set aside.

Defendant's Motion to Set Aside Default [34] is GRANTED. Defendant's Answer [31] shall be deemed timely filed, and the case shall proceed accordingly. The parties are hereby

ordered to contact the magistrate judge assigned to this case within seven days to arrange a Rule 16 case management conference.

SO ORDERED, this the 9th day of April, 2015.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**